**Opinion issued June 11, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00915-CR

_____

## CODY CARLSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 56th Judicial District Court**
**Galveston County, Texas**
**Trial Court Case No. 23CR1218**

---

## MEMORANDUM OPINION

Cody Carlson was charged with assault causing bodily injury to a member of

his family.[1] Included in the indictment was an allegation that Carlson was previously

---

[1] *See* TEX. PENAL CODE § 22.01(a)(1).

convicted of a similar assault, which raised the underlying offense to a third-degree felony.[2]  The indictment also included two enhancement paragraphs, each alleging that Carlson had a prior felony conviction, which made him eligible for punishment as a habitual offender.[3]

A jury found Carlson guilty as charged in the indictment and found the enhancement allegations true.  It assessed his punishment at confinement for thirty-five years.

On appeal, Carlson's appointed counsel has filed a motion to withdraw, along with an *Anders* brief, stating that the record presents no reversible error and that the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967).

In his brief, counsel states that he has thoroughly reviewed the record and is unable to advance any ground of error that warrants reversal. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008); *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  His brief meets the *Anders* requirements because it presents a professional evaluation of the record and supplies

---

[2]  *See id.* § 22.01(b)(2)(A); *see also* TEX. CODE CRIM. PROC. § 42.013; TEX. FAM. CODE §§ 71.003, 71.004.

[3]  *See* TEX. PENAL CODE § 12.42(d).

this Court with references to the record and legal authority. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).

Further, Carlson's counsel informed this Court that he mailed a copy of the motion to withdraw and *Anders* brief to Carlson and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 408–09. Counsel also informed Carlson of his right to access the appellate record and provided him with a form motion for pro se access.[4] *See Kelly*, 436 S.W.3d at 319–20.

Subsequently, the district clerk notified this Court that it sent a copy of the record to Carlson. Carlson did not file a pro se response to the *Anders* brief.

The State filed a waiver of its right to file a response to the *Anders* brief.

We have independently reviewed the entire record in this appeal. *See Mitchell*, 193 S.W.3d at 155. We conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner*

---

[4] This Court also notified Carlson that his counsel filed a motion to withdraw and *Anders* brief, informed Carlson of his right to access the record and file a response, and provided him with a form motion to access the record. *See Kelly v. State*, 436 S.W.3d 313, 321–22 (Tex. Crim. App. 2014).

*v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[5] *See* TEX. R. APP. P. 43.2(a). Attorney Joel H. Bennett must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[5] Appointed counsel still has a duty to inform Carlson of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review. *See id.* at 827 n.6.